## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Norris Wayne Ramsey, Jr.

v.

Willie Lee Gordon and
Counts & Dobyns, Inc.

June 27, 1996

BY JUDGE MOSBY G. PERROW, III

The parties are before the Court on plaintiff's motion to compel defendants to produce recorded statements taken by their insurer's claims representative. The arguments made and authorities cited have been carefully considered and the stipulated facts reviewed. On the record presented, the Court finds as a matter of fact and law that the statements sought are within the permitted scope of discovery under Rule 4:1 of the Rules of the Supreme Court of Virginia, as amended, and ought to be produced. Accordingly, plaintiff's motion will be granted, and the defendants will be ordered to produce the recorded statements forthwith.

The claims representative obtained recorded statements from the plaintiff, defendant Gordon and two witnesses, Ronald E. Robertson and Judith Burkhardt. Objection to production of the statements is made on the grounds that they are protected by the attorney work product doctrine and/or were prepared in anticipation of litigation. The statements were taken within thirty days of the automobile accident out of which the underlying cause of action arose and before defendants' insurer denied any claim. The underlying cause of action was filed almost two years after the accident date. The plaintiff is entitled to production of his statement under Rule 4:1(b)(3) irrespective of the attorney work product doctrine or whether it was obtained in anticipation of litigation. The Court further finds as a matter of fact and law that the four statements in question are not attorney work product and that they were obtained in the ordinary course of business rather than in anticipation of litigation. The gathering of such information is essential for the insurance industry to properly adjust

claims and establish reserves, and the availability of statements obtained in this process is often essential to the integrity of the fact finding process when litigation ensues.

An appropriate order will be entered by the Court granting plaintiff's Motion to Compel for the reasons hereinabove set forth. Endorsement by counsel will be dispensed with, and Mr. Taylor's objection to entry of such an order is noted. Certified copies of the order will be furnished to counsel by the Clerk.